**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

IN RE:

                                Chapter 13

SHERKNESS, GEORGE              Case No: 9:09-bk-       -ALP
SHERKNESS, JOANNE

        Debtors.
_____/

## CHAPTER 13 PLAN

The following is a summary of the Amended Chapter 13 Plan proposed by the above-named debtor(s).  You should read this Plan carefully and discuss it with your attorney, if you have one.  If you do not have an attorney, you may wish to consult one. Confirmation of this Plan, as modified by the Bankruptcy Court, may modify your rights by providing for payment of less than the full amount of your claim, by setting the value of the collateral securing your claim, and/or by setting the interest rate on your claim. Payments distributed by the Trustee, as herein provided or as modified by the Court, are subject to the availability of funds.

If you do not want the Court to confirm the proposed plan of the debtor(s), or if you want the Court to consider your views on these matters, then you or your attorney must file with the Court a written objection to confirmation.  Your objection to confirmation must include the specific reasons for your objection, and must be filed with the Court in a timely manner.  If you mail your objection to confirmation to the Court for filing, you must mail it early enough so that the Court will receive it in a timely fashion.  You must also serve a copy of your objection to confirmation on the debtor(s), the attorney for the debtor(s), and the Chapter 13 Trustee at their addresses as they are listed in the notice of the meeting of the creditors.  If any objections to Confirmation are filed with the Court, the objection party will provide written notice of the date, time and location of the hearing on the objection.  No hearing will be held unless an objection to confirmation is filed.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the proposed plan of the debtor(s) and may enter an order confirming the plan.

## SUMMARY

**PLAN PAYMENTS AND LENGTH OF PLAN**:   The Debtor(s) shall pay the Trustee by money order or cashier's check following the filing of this chapter 13 plan the sum of $1382.37 for 36 months, or longer to a maximum of 60 months. Each pre-confirmation plan payment shall include, other than regular ongoing mortgage payments, all adequate protection payments made pursuant to §1326(a)(1)(C).

**CLAIMS GENERALLY:** The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief.

a.  The trustee shall only distribute payments, including adequate protection payments, to creditors who have actually filed proofs of claim (including adequate proof of security) with the Court that are deemed allowed pursuant to 11 U.S.C. Section 502(a).  However, if a creditor does not file a timely proof of such creditor's claim, then either the debtor or the trustee may file such a claim as provided for by 11 U.S.C. Section 501(c) and in that event such claim shall be deemed the claim for all purposes under the plan.

b. The trustee shall mail payments to the address provided on the proof of claim unless the claimant provides the trustee with another address in writing for payments to be sent.  If the claim is assigned or transferred, the trustee shall continue to remit payments to the original claimant until a formal notice of assignment or transfer is filed with the Court.

**ADMINISTRATIVE CLAIMS:** Trustee will pay in full allowed administrative claims and expenses pursuant to §507(a)(2) as set forth below, unless the holder of such claim or expense has agreed to a different treatment of its claim.

NONE

**TRUSTEE FEES:** Trustee shall receive a fee for each disbursement, the percentage of which is fixed periodically by the United States Trustee.

**ADMINISTRATIVE CLAIM**
**FOR ATTORNEYS FEES FOR DEBTOR'S COUNSEL PAID IN PLAN:**

| Total Amount of Attorneys' Fees | Amount Paid Through Plan |
|---|---|
| $3000.00 | $1500.00 |

**PRIORITY CLAIMS:**

**(A) Domestic Support Obligations:** Debtor(s) is required to pay all post-petition domestic support obligations directly to the holder of the claim. Unless otherwise specified in this Plan, the following priority claims under 11 U.S.C.§507(a)(1), domestic support obligations, will be paid in full pursuant to 11 U.S.C. §1322(a)(2). These claims will be paid at the same time as claims secured by personal property, arrearage claims secured by real property, and arrearage claims for assumed leases or executory contracts.

| Name of Creditor | Total Est. Claim | Estimated Payment |
|---|---|---|
| NONE | | |

Pursuant to §507(a)(1)(B) and §1322(a)(4), the following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit, and/or not assigned to said entity for the purpose of collection.

**Claimant and Proposed Treatment:**
NONE

**(B) Other Priority Claims (e.g., tax claims):** These priority claims will be paid in full, but will not be funded until after all secured claims, lease arrearage claims, and domestic support claims are paid in full.

| Name of Creditor | Total Est. Claim | Estimated Payment |
|---|---|---|
| NONE | | |

**SECURED CLAIMS**:

**Pre-Confirmation Adequate Protection Payments:** No later than 30 days after the date of the filing of this Plan or the Order for Relief, whichever is earlier, the Debtor(s) shall make the following adequate protection payments to creditors pursuant to §1326(a)(1)(C). If the Debtor(s) makes such adequate protection payments on allowed claims to the Trustee pending confirmation of the Plan, the creditor shall have an administrative lien on such payment(s), subject to objection. If Debtor(s) elects to make such adequate protection payments directly to the creditor, and such creditor is not otherwise paid through the Plan, upon confirmation said claims shall be neither dealt with nor affected by the Plan as confirmed.

| Name of Creditor | Total Est. Claim | Secured | Ad. Pro. Payment |
|---|---|---|---|
| TD BANK NA | $143682.00 | 22403 Delhi Ave. | $938.00 Through Plan |

**(A) Claims Secured by Real Property Which Debtor(s) Intends to Retain / Mortgage Payments Paid Directly to Creditor:** Debtor(s) will make all post-petition mortgage payments to the Creditor as part of the plan. These regular monthly mortgage payments may need to be adjusted up or down as provided for under the loan documents. If the Debtor

receives notice of a payment adjustment, that notice should be forwarded to the Trustee immediately. The Debtor shall pay the post-petition mortgage payments on the following mortgage claims:

| Name of Creditor | Total Est. Claim | Security | Estimated Payment |
|---|---|---|---|
| NONE | | | |

**(B) Claims Secured by Real Property Which Debtor(s) Intends to Retain / Arrearages Paid Through the Plan:**
Debtor(s) will make all post-petition mortgage payments directly to each mortgage creditor as those payments ordinarily come due. These regular monthly mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter. The Trustee shall pay the pre-petition arrearages on the following mortgage claims:

| Name of Creditor/Security | Total Est. Arrears Claim | Estimated Arrears Payment |
|---|---|---|
| TD BANK NA/22403 Delhi Ave. | $8422.00 | |

**(C) Claims to Which §506 Valuation is NOT Applicable:** Debts secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within one year of filing. Upon confirmation of the Plan, the interest rate and value shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds. Upon timely written objection filed by a creditor, the Debtor(s) may elect to surrender the property to creditor in full satisfaction of the value of the collateral indicated in the creditor's claim.

| Name of Creditor/Security | Ad. Prot Pmt. Directly – | Value Int. Rate - | Total to be Pd. |
|---|---|---|---|
| NONE | | | |

**(D) Claims to Which §506 Valuation is Applicable:**

| Name of Creditor/Security | Ad. Prot Pmt. In Plan – | Value Int. Rate - | Total to be Pd. |
|---|---|---|---|
| NONE | | | |

**(E) Secured Claims on Personal Property – Balance Including any Arrearage Paid in Plan:**

| Name of Creditor/Security | Est. Amount | Int. Rate | Total to be Paid |
|---|---|---|---|
| NONE | | | |

**Surrender of Collateral:** Debtor(s) will surrender the following collateral in full satisfaction of the secured portion of the claim, and the creditor is specifically allowed to amend it's claim to include an unsecured portion. Upon Plan confirmation, the automatic stay will be deemed lifted for the collateral identified below for surrender and the creditor need not file a Motion to Lift the Stay in order to repossess, foreclose upon or sell the collateral. Nothing herein is intended to lift any applicable co-Debtor stay, or to abrogate Debtor's state law contract rights.

| Name of Creditor | Collateral to be Surrendered |
|---|---|
| NONE | |

**SECURED – LIENS TO BE AVOIDED:**

| Name of Creditor/Security | Estimated Amount |
|---|---|
| NONE | |

**LEASES/EXECUTORY CONTRACTS:**

3

Name of Creditor/Security     Assume/Reject              Estimated Arrears
NONE

**OTHER CREDITORS PAID IN FULL IN PLAN:**

Name of Creditor/              Description                Estimated Amount
NONE

**UNSECURED CREDITORS:** Unsecured creditors with allowed claims shall receive a pro rata share of the balance of any funds remaining after payments to the above referenced creditors or shall otherwise be paid pursuant to the provisions of a subsequent Order Confirming Plan. The estimated amount of monies to be distributed to the unsecured creditors is $8446.00.

**OTHER PROVISIONS:**

1. Secured creditors, whether or not dealt with under the Plan, shall retain the liens securing such claims;

2. Payments made to any creditor shall be the amount allowed in a proof of claim filed by the creditor or other amount as may be allowed by a specific Order of the Bankruptcy Court.

3. Property of the estate shall not vest in Debtor(s) until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise. Any and all pre-petition claims are committed to this Chapter 13 Plan

4. All secured creditors, including mortgage creditors, must be paid through the plan as part of the plan payment to the Chapter 13 Trustee. The only exception will be; if a Debtor is current with a secured creditor, the Debtor may file a separate motion asking the court to allow them to make direct payments to that creditor. If the Debtor is allowed to make direct payments, the stay will be lifted as to that property and creditor, but the Bankruptcy Court will retain jurisdiction over any and all disputes with said creditors.

5. To receive payment from the trustee, either prior to or following confirmation, a secured creditor must file a proof of claim. Secured claims which are not filed within the time period required by Federal Bankruptcy Rule 3002(c) may be disallowed or subordinated to other claims upon further order of the Court.

6. Confirmation of this plan does not bar a party in interest from objecting to a claim which is not filed in accordance with Federal Bankruptcy Rules 3001 or 3002.

7. Unless otherwise ordered, any creditor holding a claim secured by property which is removed from the protection of the automatic stay, whether by judicial action, voluntary surrender, or through operation of the plan, will receive no further distribution from the trustee, unless an itemized proof of claim for any deficiency is filed within one-hundred twenty (120) days after the removal of the property from the protection of the automatic stay. For purposes hereof, the removal date shall be the date of the entry of the order confirming the plan, modifying the plan, or granting relief from stay. This also applies to creditors who may claim an interest in, or lien upon, property which is removed from the protection of the automatic stay of another lien holder or release to another lien holder.

8. If a claim is listed in the plan as secured and the creditor files a proof of claim as an unsecured creditor, the creditor shall be treated as unsecured for purposes of distribution and for any other purpose under the plan.

9. Property of the estate includes all of the property specified in 11 U.S.C. Section 541 and all property of the kind specified in such section acquired by the debtor after commencement of the case but before the case is closed, dismissed or likewise converted to one under another chapter of the Code.

10. Section 524(i) plan language.

Confirmation of the plan shall impose an affirmative duty and legal obligation on the holders and/or the servicers of any claims secured by liens, mortgages and/or deeds of trust on the residential real property of the debtors to do all of the following:

(a) To apply the payments received from the trustee on the pre-petition arrearages, if any, and only to such arrearages. For purposes of this plan, the "pre-petition" arrears shall include all sums included in the "allowed" proof of claim and shall be included in a "corporate advance" equal to the total of all sums included in the said claim. During the term of the plan, payments from the trustee shall be credited against the "corporate advance" account. The "corporate advance arrearage account" shall have a "0" balance upon entry of the Discharge Order in this case.

(b) To deem the pre-petition arrearages as contractually cured upon confirmation of the plan, thereby precluding the imposition of late payment charges or other defaulted-related fees and services based solely on the pre-petition default or defaults. Such action shall be taken by making a "corporate advance" in a sufficient amount to "cure" the pre-petition arrears as established by the "allowed" proof of claim.

(c) To apply the direct post-petition monthly mortgage payments paid by the trustee or by the debtor(s) to the month in which they were designated to be made under the plan or directly by the debtor(s), whether or not such payments are immediately applied to the outstanding loan balance or are placed into some type of suspense, forbearance or similar account. All such post-petition payments must be first applied to the outstanding post-petition interest and then to the principal balance and may not be used for any other purpose without the approval of the Bankruptcy Court after proper notice and a hearing.

(d) To notify the trustee, the debtor(s) and the attorney for the debtor(s) in writing of any changes in the interest rate for any non-fixed rate or any adjustable rate mortgages and the effective date of any such adjustment or adjustments. The failure to comply with such notice requirements shall constitute a waiver of any increase in the rate until such notice is provided. In the event the rate should be reset to a rate lower than the rate as of the petition date, then any failure to provide notice as herein provided shall constitute a violation of 524(i) to the extent that the debtor suffers aggregate damages of more than $50.00.

(e) To Notify the trustee, the debtor(s) and attorney for the debtor(s) in writing of any change in the property taxes and/or the property insurance premiums that would either increase or reduce the escrow portion, if any, of the monthly mortgage payments and the effective date of any such adjustment or adjustments. The failure to comply with such notice requirements shall constitute a waiver of any right to recover any enhanced escrow payments to recover any such increases until such notice is provided, on the condition that it is provided within sufficient time to maintain the feasibility of the plan as confirmed.

(f) To refrain from directly paying or attempting to pay any pre-petition tax obligation that the debtor(s) have included in their plan to be paid under their plan unless a motion is filed to modify the plan with adequate notice and hearing or unless a notice of assignment of the tax claim is filed from the taxing authority to the servicer and/or holder of the mortgage loan or loans.

(g) To refrain from ever assessing, charging, imposing, advancing or billing any type of fees or charges (such as legal fees, broker price opinion fees, property inspection fees, property preservation fees, proof of claim fees, notice of appearance fees, plan review fees, or any type of legal fees, or any other type of fee or charge) to the mortgage loan of the debtor(s) either post-petition and pre-confirmation, either post-confirmation and pre-discharge, or post-discharge unless such fees or charges have been approved by the Bankruptcy Court upon filing of a proper application for the approval of such fees and charges under Rule 2016(a) of the Rules of Bankruptcy Procedure and after adequate notice of hearing. To the extent such fees are not approved, but are provided in any type of notice to the debtor(s), such action shall be deemed to constitute a material violation of this provision and a violation of either the automatic stay or the discharge injunction, whichever provision may be applicable.

Violations of this Section.

Any violation of this provision shall be deemed a willful violation of 11 U.S.C. Section 524(i) in the event that the mortgage loan or loans is not serviced in a manner strictly in compliance with this provision of the plan and to the extent the improper servicing results in improper fees and charges of more than $50.00.

Application of Section 524(i) of the Bankruptcy Code.

The debtor(s) further specifically invoke and intend for this plan provision to invoke and to reserve the debtor(s) the provisions of 11 U.S.C. Section 524(i).

11. To receive a pre-confirmation adequate protection payment from the trustee, as provided for by the Code, the secured creditor must file a proof of claim.

12. The plan in this case will provide for the payment of all filed and allowed contingent claims at the same percentage as the said plan pays to other unsecured creditors. For purposes of the plan, all such contingent claims shall be deemed to have an estimated value of $100.00.

13. The plan filed by the debtor(s) herein specifically rejects, avoids, cancels and otherwise releases the debtor(s) from any and all contractual provisions, with any party or entity, which could or may impose on the debtor(s) any duty, requirement or obligation to submit any and all claims, demands, or causes of action of the debtor(s) or any defenses, affirmative or otherwise, of any nature whatsoever, whether known or unknown, and whether arising pre-petition or post-petition, to any form of binding arbitration or alternative dispute resolution. Consequently, confirmation of this plan shall constitute a finding that any such clauses, conditions or provisions, whether arising under the Federal Arbitration Act or any state rule, statute, or regulation, are invalid, void and otherwise unenforceable as to the debtor(s) or the Chapter 13 Trustee.

14. Confirmation of this plan shall constitute a finding that the debtor(s) do not waive, release or discharge but rather retain and reserve for themselves and the Chapter 13 Trustee any and all pre-petition claims and any and all post-petition claims that they could or might assert against any party or entity arising under or otherwise related to any state or federal consumer statute or under state or federal common law including but not limited to fraud, misrepresentation, breach of contract, unfair and deceptive acts and practices, retail installment sales act violations, Truth in Lending violations, Home Equity Protection Act violations, Real Estate Settlement Protection Act violations, Fair Debt Collection Practices Act violations, Fair Credit Reporting Act violations, Equal Credit Opportunity Act violations, Fair Credit Billing Act violations, Consumer Leasing Act violations, Federal Garnishment Act violations, Electronic Funds Transfer Act violations, and any and all violations arising out of rights or claims provided for by Title 11 of the United States Code, by the Federal Rules of Bankruptcy Procedure, or by the Local Rules of this Court.

15. Upon the satisfaction or other discharge of a security interest in a motor vehicle, mobile home, or in any other property of this estate in bankruptcy for which the certificate of title is in the possession of the secured party, the secured party shall within 10 days after demand and, in any event, within 30 days of receipt of the notice of the entry of the Discharge Order, execute a release of its security interest on the said title or certificate, in the space provided therefore on the certificate or as the Division of Motor Vehicles prescribes, and mail or deliver the certificate and release to the debtor(s) or the attorney for the debtor(s). Confirmation of this plan shall impose an affirmative and direct duty on each such secured party to comply with the provision. This provision shall be enforced in a proceeding filed before the Bankruptcy Court and each such creditor consents to such jurisdiction by failure to file any timely objection to this plan. Such an enforcement proceeding may be filed by the debtor(s) in this case either before or after the entry of the discharge order and either before or after the closing of this case. The debtor(s) specifically reserve the right to file a motion to reopen this case under Section 350 of Title 11 of the United States Code to pursue the rights and claims provided for herein.

16. If a claim has been transferred by the holder thereof after the holder has filed a proof of claim with the Trustee, then the failure of the transferee to file evidence of the terms of the transfer with the Clerk of the Bankruptcy Court, with the Trustee, and with the attorney for the debtor(s) shall not serve to remove the transferor as a creditor in this case and in such

situations all actions taken by the transferee subsequent to the transfer shall be deemed acts of the transferor to the same extent as if the transferee was a duly appointed agent of the transferor acting fully within the course and scope of his, her or its agency.

17. Acceptance by creditors of payments under this plan and/or failure of any creditor to file an objection to confirmation of the plan herein, constitutes waiver of any right(s) of said creditor(s) to seek enforcement of any arbitration agreement and constitutes consent to the removal of any arbitration clause from any type of contract or contracts with the debtor(s) herein.

18. The debtor(s) reserves the right to object to any proof of claim that is not filed in strict compliance with Rule 3001 of the Bankruptcy Rules and furthermore reserves any and all claims, causes of action, offsets, or defenses the debtor(s) may have with respect to any such claim. Furthermore, to the extent a filed proof of claim is inconsistent with this Plan or with any of the Schedules or Statements filed in this case, then and in that event the debtor(s) reserve the right to object and to pursue any and all legal claims related to or arising out of the transactions or occurrences giving rise to and otherwise related with the said claim or claims. To the extent the debtor raises an objection to a filed proof of claim, or to a notice of transfer of a filed claims, or files any adversary proceeding related to such an original claim or a transferred claim, then and in that event this plan shall be deemed to be automatically amended so as to indicate that such a claim is disputed, contingent and un-liquidated. The debtor also reserves to the estate or the debtor(s) all claims or causes of action he may have, could have or might have based on any claim filed with the Trustee in this case by any creditor, assignee or transferee and nothing in this Plan or in these Schedules shall be deemed a waiver of any such claims or causes of action.

19. Unless otherwise ordered, any creditor holding a claim secured by property which is removed from the protection of the automatic stay, whether by judicial action, voluntary surrender, or through operation of the plan, will receive no further distribution from the trustee, unless an itemized proof of claim for any deficiency is filed within one-hundred twenty (120) days after the removal of the property from the protection of the automatic stay. For purposes hereof, the removal date shall be the date of the entry of the order confirming the plan, modifying the plan, or granting relief from stay. This also applies to creditors who may claim an interest in, or lien upon, property which is removed from the protection of the automatic stay of another lien holder or release to another lien holder.

20. Confirmation of the plan shall impose a duty on the holders and/or servicers of claims secured by liens on real property to apply the payments received from the trustee on the pre-petition arrearages, if any, only to such arrearages; to deem the pre-petition arrearages as contractually cured by confirmation; to apply the direct mortgage payments, if any, paid by the trustee or by the debtor(s) to the month in which they were made under the plan or directly by the debtor(s), whether such payments are immediately applied to the loan or placed into some type of suspense account; to notify the trustee, the debtor(s) and the attorney for the debtor(s) of any changes in the interest rate for an adjustable rate mortgage and the effective date of the adjustment; to notify the trustee, the debtor(s) and attorney for the debtor(s) of any change in the taxes and insurance that would either increase or reduce the escrow portion of the monthly mortgage payment; and to otherwise comply with 11 U.S.C. Section 524(i).

21. All contractual provisions regarding arbitration or alternative dispute resolution are rejected in connection with the administration of this Chapter 13 case.

22. Section 1325(a)(9)(*) provides that for purposes of paragraph (5) of Section 1325(a), section 506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910-day preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle (as defined in section 30102 of title 49) acquired for the personal use of the debtor, or if collateral for that debt consists of any other thing of value, if the debt was incurred during the 1-year period preceding that filing. Since 506(a)(1) provides for the allowance of unsecured claims for under-secured creditors, and since such section does not apply to these claims, then to the extent that this plan provides for the abandonment of any 910-day or 1-year collateral to the holder of the secured claim then and in that event such action shall be deemed in full satisfaction of the underlying debt and such creditor shall not be allowed and in fact precluded from filing an unsecured deficiency claim after the recovery and disposition of the collateral.

23. Upon confirmation of this plan, all creditors who are provided for under the plan shall be specifically prohibited from taking any of the following actions pursuant to 362(a):  (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title; (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title; (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate; (4) any act to create, perfect, or enforce any lien against property of the estate; (5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title; (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title; (7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor; and (8) the commencement or continuation of a proceeding before the United States Tax Court concerning a corporate debtor's tax liability for a taxable period the bankruptcy court may determine or concerning the tax liability of a debtor who is an individual for a taxable period ending before the date of the order for relief under this title.

24. Confirmation of this Plan shall constitute a finding by the Court that the Debtor(s) have fully complied with all of the required pre-confirmation obligations imposed by Title 11 of the United States Code, the Rules of Bankruptcy Procedure, the Local Rules of this Court, and all Administrative Orders and any other procedures related to the implementation of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.

25. To receive adequate protection payments from the trustee, as provided for by the Code, the secured creditor must file a proof of claim.

26. **Legal Fees, Costs and Charges:**  The debtor, the debtor's property and property of the estate are not liable for a fee, cost, or charge that arises from a security interest that is secured by the debtor's principal residence and that is incurred while the case is pending or as a result of the filing of the case except to the extent that the holder of such Claim files with the court and serves on all the debtor and the attorney for the debtor a detailed and specific written notice of such fee (with supporting actual time and expense records), cost or charge before the earlier of:

    (a)    1 year after the fee, cost, or charge is incurred; or

    (b)    60 days before the closing of the case; and

    (c)    Such fee, cost or charge is lawful under applicable non-bankruptcy law, reasonable, necessary, and provided for in the agreement secured by such security interest; and

    (d)    Such requested fee, cost or charge in no event shall be greater than the actual fee, cost or charge incurred and paid or agreed to be paid; and

    (d)    Is secured by property the value of which is greater than the amount of such claim, including such fee, cost, or charge.

**Right to Hearing.**  The debtor shall have 30 days after service of any such notice to file a written objection to the requested fee, cost or charge and move the court for a hearing thereon.  The Chapter 13 Trustee or the United States Trustee shall also have standing to file such an objection within the time stated.  If no such timely objection is filed, then the court may consider the request on the record and enter any appropriate order with respect to the same.  If an objection is filed, then no order shall be entered until the matter is heard by the court and an appropriate order entered.

**Waiver of Fee, Charge or Cost.**  The failure of a party to give the notice described herein shall be deemed a waiver of any claim for fees, costs, or charges described in this paragraph for all purposes, and any attempt to collect such fees, costs, or charges shall constitute a violation of this plan provision and a violation of Section 362(a) if the conduct occurs during the

case and of 524(a)(2) if the conduct occurs after the date of discharge.  Such claims shall be in addition to any other claims for violations of any other applicable non-bankruptcy law.

I declare under penalty of perjury that I/We have read this Chapter 13 Plan, and the information provided in the Chapter 13 Plan was provided by me/us and all matters set forth herein are true and correct.


Debtor: _____/S/ George Sherkness_____     Dated: _8/25/2009_____
         George Sherkness


Debtor: _____/S/ Joanne Sherkness_____     Dated: __8/25/2009_____
         Joanne Sherkness

## PLAN SUMMARY

Priority:
_____           $_____

Secured:
TD BANK NA/22403 Delhi Ave-REGULAR         $56280.00_____
TD BANK NA/22403 Delhi Ave-ARREARS         $8422.00_____

Attorneys Fees:
Dellutri Law Group_____          $1500.00_____

Other: Adequate Protection
_____           $_____

Distribution to unsecured:                 $8446.00_____

Trustee's Fee – 10% Monthly                $8294.00_____

The Attorneys Fees to be paid under the plan shall be paid in the amount of $300.00 per month until paid in full

    Plan payments $1382.37 x 60 months = $82942.22

9